# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Horton Construction Co., Inc. | )     ASBCA No. 61085 |
| | ) |
| Under Contract No. W9124E-11-C-0021 | ) |

APPEARANCE FOR THE APPELLANT:     Gregory D. Coleman, Esq.
       Johnson Hopewell Coleman, LLC
       Decatur, GA

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
       Army Chief Trial Attorney
       CPT John M. McAdams III, JA
       MAJ Bruce L. Mayeaux, JA
       Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This is an appeal of a contracting officer's denial of a claim by Horton Construction Co., Inc. (Horton or appellant), alleging that it is owed $274,599.00 because the contract required, in part, crushing and removal of approximately 69,000 tons of concrete but the actual amount was closer to 29,000 tons and, alternatively, $244,282.00 under the "Variation in Estimated Quantity clause," which was not in the contract (R4, tab 27 at 25). In its complaint, Horton alleges that one of three clauses should have been used to grant its relief: Federal Acquisition Regulation (FAR) 52.243-4, CHANGES (JUN 2007); FAR 52.236-2, DIFFERING SITE CONDITIONS (APR 1984); or FAR 52.211-18, VARIATION IN ESTIMATED QUANTITY (APR 1984). The government moves to dismiss because it alleges that Ms. Dominique Horton Washington was not a vice president of the company. Further, the government moves to dismiss because Horton was administratively terminated by the Louisiana Secretary of State on 19 January 2017. In response, Horton filed copies of documentation from government officials in Louisiana, including: 1) Ms. Washington's appointment as the executrix of Mr. Johnny Lee Horton, Sr., who was the president of Horton; 2) Horton's certification of incorporation, dated 27 October 2017, which demonstrates that the company has been reinstated; and 3) Horton's certificate of reinstatement, dated 23 October 2017. The government further contends, as raised in its reply brief, that any action to ratify the notice of appeal post-reinstatement is beyond the 90-day statutory time limit for filing an appeal with the Board. As such, the government contends, the Board lacks jurisdiction to decide the appeal. We deny the government's motion to dismiss.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. In September 2011, a contracting officer from the Directorate of Contracting, Mission and Installation Contracting Command, Fort Polk, Louisiana, awarded Contract No. W9124E-11-C-0021, a firm-fixed-price contract in the amount of $1,943,148.51, to Horton. The work to be performed included crushing a concrete stockpile and work associated with erosion control at Fort Polk, Louisiana (R4, tab 1 at 3, 7, 9). The contract was awarded as a non-competitive Small Business Section 8(A) Set-Aside, or direct award (R4, tab 1 at 49).

2. The contract contained FAR 52.243-1, CHANGES–FIXED-PRICE (AUG 1987), which stated in relevant part: "(e) Failure to agree to any adjustment shall be a dispute under the Disputes clause" (R4, tab 1 at 48). The Disputes clause is at FAR 52.233-1 and is substantively the same today as it was when the contract was executed.[1]

3. On 12 November 2012, Mr. Chauncy Horton signed FP Form 1186, Certification of Final Payment, Contractors Release of Claims (final payment and final release) (R4, tab 16).

4. On 6 March 2014, the parties executed a bilateral modification to de-obligate funds, signed for appellant by Mr. Chauncy Horton (R4, tab 18).

5. Between 23 October 2014 and 17 July 2015, Mr. Johnny L. Horton, Sr., signed several letters requesting an equitable adjustment due to the difference between the estimated 69,000 tons of crushed concrete and the lower actual amount of crushed concrete (R4, tabs 19-24).

6. On 27 May 2016, attorneys for Horton submitted a certified claim for equitable adjustment in the amount of $274,599.00 (R4, tab 27). Ms. Dominque Horton Washington signed the certification and listed her title as vice president (*id.* at 26).

7. On 2 June 2016, Mr. Johnny L. Horton, Sr., passed away (gov't mot. at 2; app. resp. at 2).

8. On 16 December 2016, in a final decision, the contracting officer denied the claim (R4, tab 28). The contracting officer denied the claim because Horton made a business decision to enter into a subcontract with a different pricing scheme than the government's contract with Horton (*id.* at 3-4). Further, the government contended,

---

[1] Changes to the FAR were implemented 29 May 2014, "to conform references throughout the FAR to the new Positive Law Codification of Title 41, United States Code, "Public Contracts" and other conforming changes." 79 Fed. Reg. 24,192 (May 29, 2014) (to be codified at 41 C.F.R.).

Horton signed several releases, including the final release, and final payment was made (*id.* at 4-5). The decision included the following language: "If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals" (*id.* at 7). The 90-day appeal period is a Contract Disputes Act, 41 U.S.C. §§ 7101-7109 (CDA) requirement.

9. On 19 January 2017, the Louisiana Secretary of State administratively terminated Horton (gov't mot. at 3; app. resp. at 2).

10. On 8 March 2017, Horton, within the 90-day period, appealed the contracting officer's final decision to this Board. The appeal was docketed as ASBCA No. 61085.

11. On 13 March 2017, the First Judicial Circuit of Caddo Parish, Louisiana, issued Ms. Dominique Horton Washington letters of administration to serve as executrix of the estate of Mr. Johnny Lee Horton, Sr. (app. resp. at 2, ex. A).

12. On 11 April 2017, the government filed a motion for summary judgment, stating that there was no genuine dispute that the request for equitable adjustment was submitted after Horton had executed a final release and accepted final payment. In response, Horton contended that the individual who signed the release, Mr. Chauncy Horton, was not authorized to do so. On 1 September 2017, the Board denied the government's motion for summary judgment. *Horton Construction Co.*, ASBCA No. 61085, 17-1 BCA ¶ 36,844 at 179,528.

13. On 29 September 2017, the government filed a motion to dismiss for lack of jurisdiction and moved to stay the appeal until its motion was decided. The government asserted that the Board lacked jurisdiction because Ms. Dominique Horton Washington, vice president of Horton, "lack[ed] standing" to assert a claim for Horton and that Horton lacked the capacity to file and maintain an appeal. (Gov't mot. at 1) Specifically, the government claimed that Ms. Washington was never a vice president of Horton (*id.* at 6). Further, the government claimed that the Louisiana Secretary of State administratively terminated Horton on 19 January 2017 and thus had lost its "juridical existence." The government argued that under Louisiana law, Horton lacked the legal capacity to file a lawsuit because it failed to exist after Louisiana administratively terminated the corporation. Thus, Horton could not maintain legal proceedings before the Board. (*Id.* at 8)

14. On 3 October 2017, the Board stayed the case and established a schedule for briefing of the motion to dismiss.

15. On 27 October 2017, the Louisiana Secretary of State reinstated Horton Construction Co., Inc., *ab initio* (app. resp. at 2, ex. B). Under Louisiana law, this reinstatement applies retroactively to the date the administrative termination began "and

the corporation continues to exist as if the termination had never occurred." *See* LA. REV. STAT. § 12:1-1444H.

16. On 2 November 2017, Horton responded to the government's motion to dismiss. Horton provided general statements surrounding Ms. Washington's appointment as vice president in the fall of 2015. (App. resp. at 2-3) Further, Horton provided three documents as exhibits to its response: 1) a notarized letter appointing Ms. Washington as executrix for the estate of Mr. Johnny Lee Horton, Sr., dated 13 March 2017; 2) a certificate from the Louisiana Secretary of State that states that the Articles of Incorporation and Certificate of Incorporation were reinstated, dated 27 October 2017; and 3) a notarized document demonstrating that the reinstatement was approved on 23 October 2017 (app. resp., exs. A, B).

17. On 1 December 2017, the government replied. The government claimed that Horton still failed to demonstrate that Ms. Washington was ever appointed as a vice president and a new argument that Horton appealed late because Ms. Washington had to have ratified the notice of appeal within 90 days. The government also restated that Horton lost its "juridical personality." (Gov't reply)

## DECISION

The government contends that the Board should grant its motion to dismiss due to the Board lacking jurisdiction because Horton has not proven that it possesses the legal capacity to initiate or continue the appeal and that the State of Louisiana administratively terminated Horton (gov't mot. at 1). Horton argues that Ms. Washington was both appointed as a vice president and the executrix of the estate of Mr. Johnny Lee Horton, Sr. (app. resp. at 1). Further, Horton demonstrated that it was reincorporated in October 2017 (SOF ¶ 15). The government counters that Horton still failed to prove its jurisdiction, other than with self-serving statements and that any attempt to ratify the appeal is late (gov't resp. at 3, 5). We disagree with the government and deny its motion.

Pursuant to the CDA, the Board "has jurisdiction to decide any appeal from a decision of a contracting officer of the Department of Defense, the Department of the Army, the Department of the Navy, the Department of the Air Force, or the National Aeronautics and Space Administration relative to a contract made by that department or agency." 41 U.S.C. § 7105(e)(1) "Appellant, as the proponent of the Board's jurisdiction, bears the burden of establishing jurisdiction by a preponderance of the evidence." *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816 (citations omitted). "When the government challenges the factual basis for our jurisdiction, as it does here, the allegations in the complaint are not controlling." *Green Dream Group*, ASBCA No. 57413 *et al.*, 12-2 BCA ¶ 35,145 at 172,520; *see also Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994). "We accept as true only uncontroverted factual allegations; disputed jurisdictional facts are subject to fact-finding by the Board." *Lobar, Inc.*, ASBCA No. 59178, 14-1 BCA ¶ 35,584 at 174,366 (citations omitted).

4

First, we disagree with the government that Horton does not have the "juridical personality" or the legal capacity to file suit or continue the appeal. While the government was correct that the Louisiana Secretary of State administratively terminated Horton, the Secretary also reinstated the corporation, which essentially erased the administrative termination (SOF ¶¶ 9, 15). Had Horton not requested or the State not granted reinstatement, we might be in a different situation. However, contrary to the government's argument, the Board finds that Horton does possess the legal capacity to continue with this appeal because the corporation has been retroactively reinstated (SOF ¶ 15).

Second, we also disagree with the government that Ms. Washington was not authorized to certify the claim. A certified claim "may be executed by an individual authorized to bind the contractor with respect to the claim." 41 U.S.C. § 7103(b)(2); *see also* FAR 33.207(e). The government argues that Ms. Washington is required to be a vice president of Horton but appears to be applying outdated law. The Federal Courts Administration Act of 1992, Pub. L. No. 102-572, § 907(a)(1), amended the CDA to permit certification "by 'any person duly authorized to bind the contractor with respect to the claim.'" *Metric Constructors, Inc.*, ASBCA No. 50843, 98-2 BCA ¶ 30,088 at 148,940. Indeed, we have found that different individuals may possess this authority and that the test, instead, is whether the individual has authority. *See, e.g., id.* (holding that the senior project manager was authorized to sign the certification); *Home Entertainment, Inc.*, ASBCA No. 50791, 98-1 BCA ¶ 29,641 at 146,877 (finding that the company's attorney was an individual authorized to bind the contractor regarding the claim).

Here, appellant has demonstrated that Ms. Dominique Horton Washington has been appointed as executrix to the estate of Mr. Johnny Lee Horton, Sr. (SOF ¶ 15), and has asserted that Ms. Washington is authorized to execute the claim both as executrix and as vice president of Horton (app. resp. at 3-5). While Horton has not provided evidence outside of its assertions in its filings that Ms. Washington is a vice president, Horton has demonstrated that Ms. Washington is the executrix to the estate and permitted, or even required, to continue the litigation as part of her fiduciary duties (SOF ¶ 15). Thus, we conclude that Ms. Washington has authority to bind Horton with respect to the claim.

We do not find the government's reliance on its recitation of Louisiana law to be compelling (gov't mot. at 5-6). While the government argues that Ms. Washington must demonstrate that she is an officer of Horton under Louisiana law, Louisiana law also states "A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law." LA. CODE CIV. PROC. art., 3191(A) (2011). Ms. Washington has been appointed as the executrix, as recognized by the officials in Louisiana (SOF ¶ 15). Thus, she is permitted to continue the claim until resolution (*see id.*).

5

Even if Ms. Washington must demonstrate that she is one of Horton's vice presidents, it is unclear what more the government believes is necessary to demonstrate this. Horton is a small business that received the subject contract under the Small Business Section 8(A) Set-Aside program (SOF ¶ 1). Ms. Washington signed the certified claim with her title of vice president (SOF ¶ 6). Ms. Washington also signed an affidavit that was attached to Horton's response to the government's motion for summary judgment where she stated that her position was that of vice president (SOF ¶ 12).

Finally, even if Ms. Washington did not have the authority to certify the claim or if further evidence is presented that leads us to believe Ms. Washington does not have authority to act, this would not remove the appeal from the Board's jurisdiction. Even if we found that Ms. Washington did not have authority, the certification in Horton's claim would be characterized as a defective certification. FAR 33.201 defines a defective certification as "a certificate which alters or otherwise deviates from the language in 33.207(c) or which is not executed by a person duly authorized to bind the contractor with respect to the claim." The CDA further defines what happens in a situation with a defective certification and the FAR adopts that direction. "A defect in the certification of a claim does not deprive a court or an agency board of jurisdiction over the claim. Prior to the entry of a final judgment by a court or a decision by an agency board, the court or agency board shall require a defective certification to be corrected." 41 U.S.C. § 7103(b)(3); *see also* FAR 33.207(f); *Bell Helicopter Textron Inc. and The Boeing Co.*, ASBCA No. 59561, 15-1 BCA ¶ 36,111 at 176,291-92. Although we conclude that Ms. Washington had authority to bind Horton with respect to the claim based on her status as executrix, even if we found that she did not, the certification would simply be defective and the Board would still possess jurisdiction to hear the appeal.

Based upon the above decision, and our finding that the appeal was filed within the 90-day time limit (SOF ¶ 10), we reject the timeliness argument that the government raised for the first time in its reply brief.[2]

---

[2] Moreover, we find the government's reliance on *RMS Technologies*, ASBCA No. 50954, 00-1 BCA ¶ 30,763, inapposite to the instant appeal as Horton, unlike the entity in the cited appeal, timely appealed the contracting officer's final decision within the prescribed 90-day period (SOF ¶ 10) and was subsequently reinstated under state law as if the termination of its corporate status had never occurred (SOF ¶ 15).

## CONCLUSION

The government's motion to dismiss is denied.

Dated: 14 February 2018

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61085, Appeal of Horton Construction Co., Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7